(December 1, 1910.)

## JOSEPH P. KEANE, Respondent, v. PITTSBURG LEAD MINING CO., a Corporation, Appellant.

[112 Pac. 214.]

COSTS OF APPEAL—STENOGRAPHIC RECORD—COPY OF.

(Syllabus by the court.)

1. Under the provisions of sec. 3984, Rev. Codes, either party to a suit in which a stenographic record has been made may demand a typewritten copy of a part or the whole thereof, and the reporter must furnish the same upon the payment of a fee of seven and one-half cents per hundred words.

2. When a party procures a typewritten copy of the stenographic record to be used in the preparation of his bill of exceptions or statement of the case, and intends to have the cost thereof taxed as costs in the case on appeal, he must serve the copy of the stenographic record upon the adverse party when he serves his proposed bill or statement, so that the adverse party may have the benefit of it in preparing amendments or in ascertaining whether the proposed bill or statement is correct.

3. A transcript of such record in narrative form made by the reporter is not a compliance with said statute requiring the reporter to furnish a typewritten copy of the stenographic record, and the cost of procuring said record in narrative form will not be allowed as costs on appeal.

4. All fees earned by the reporter or his deputy under the provisions of the reporter statutes, which include section 3980 and the following seven sections, must be turned into the state treasury, and the reporter cannot evade that requirement by reducing the stenographic record to narrative form.

APPEAL from the District Court of the First Judicial District, for Shoshone County.    Hon. W. W. Woods, Judge.

Appeal from an order taxing costs.    *Reversed.*

A. G. Kerns, for Appellant.

Gray & Knight, and Wm. K. Shissler, for Respondent.

Counsel cite no authorities.

SULLIVAN, C. J.—This is an appeal from an order of the district court taxing against the appellant the following item of costs, to wit: "Official stenographer, transcript of testimony, $120." It appears from the record that plaintiff's counsel requested the court reporter to make a transcript of the testimony taken on the trial, in narrative form, which he did, and charged $120 therefor. In taxing the costs the court allowed said item as a part of the costs on appeal. That action of the court is assigned as error.

Under the provisions of sec. 3984, Rev. Codes, in any action in which a stenographic record has been taken, it is made the duty of the court reporter to furnish a copy of such record or a copy of any part thereof, to either party to the suit desiring the same, and he is authorized to charge a fee of seven and one-half cents per hundred words therefor, which must be paid in the first instance by the party requesting the copy, and the sum so paid may thereafter be taxed as costs in the case against the party finally defeated in the action. The copy contemplated by said statute is a literal copy of such record, containing the questions and answers, the objections made, the exceptions taken, etc., and such record reduced to narrative form by the stenographic reporter is not such a copy as the law contemplates.

Whenever an appellant is required to procure a transcript of the testimony taken on a trial by the reporter in order to prepare his transcript on appeal, he may procure the same to be made and use it in the preparation of his proposed bill of exceptions or statement, and when he serves his proposed bill or statement upon opposing counsel, he ought to furnish him such copy of the record, and when that is done, the one who paid for such copy, if he prevails on the appeal, may tax the cost of the same as a part of the costs on appeal. The law does not contemplate that each party must procure a transcript of the evidence in order to prepare his bill or statement or amendments thereto, but does contemplate that the appellant in the first instance shall procure such copy and the respondent may have the benefit thereof.

The record shows that counsel for appellant requested the reporter to make a transcript of the evidence in narrative form and not a true copy thereof. Counsel might differ as to the correctness of the narrative form of the evidence as made by the reporter, and the respondent has a right to an exact copy of the record in order that he may decide whether the narrative form prepared is correct or not. And in cases where there is considerable evidence, opposing counsel might not be able to remember what the evidence was, and in order to reduce it to narrative form correctly he ought to have a copy of the evidence as given by the witnesses. For the reasons suggested, said stenographic record in narrative form does not come within the provisions of sec. 3984, and for that reason the court erred in taxing the cost thereof as a proper item of cost in said case.

Sec. 3988 provides that fees earned by any court reporter or his deputy, under the provisions of the court reporter act, which includes secs. 3980 to 3988, must be paid to the state treasurer to be placed to the credit of the general fund of the state, and requires such reporter to make a quarterly report to the state auditor of all fees earned by himself and deputies, and that such report shall be accompanied by a remittance of such fees, and whatever fees the court reporter or his deputy receives under the provisions of said statute, whether in making an exact copy of his notes or in reducing the same to narrative form on the demand of litigants, must be turned into the state treasury.

The order of the court taxing said item of $120 as a part of the costs is reversed and the cause remanded, with instructions to the trial court to strike said item of $120 from said cost bill. Costs of this appeal are awarded to the appellant.

Ailshie, J., concurs.